IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-11-505 |
| | § | |
| ADOLFO PEREZ, | § | |
|     Defendant. | § | |

## ORDER

Pending before the Court is Adolfo Perez' Petition for a New Trial that this Court recharacterized as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 75, 76. Perez objected to the recharacterization and requested the Court decide his motion as originally filed. D.E. 77.

Perez was convicted after a jury trial of possession with intent to distribute more than 1000 kilograms of marijuana and was sentenced to 144 months imprisonment in 2011. D.E. 35. The Fifth Circuit Court of Appeals affirmed his conviction and sentence. D.E. 73. After the conclusion of his direct appeal, Perez filed his motion for new trial in which he urged a Brady violation. He claimed that one of the government's "main witnesses," the owner of the cold storage facility where Perez loaded his legitimate cargo, was previously convicted of drug trafficking. D.E. 75 at 4. He claims he is entitled to a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

Rule 33 provides that a motion for new trial must be filed within 14 days ordinarily, but a motion based upon newly discovered evidence may be filed up to 3 years from the

finding of guilty. Perez's jury returned its guilty verdict on July 27, 2011. D.E. 28. Perez' motion fits within that three year period although nowhere in Perez' motion does he claim that it is based on newly discovered evidence. Because he is *pro se*, his pleadings are liberally construed.[1]

To obtain a new trial based on newly-discovered evidence, a defendant must demonstrate that: (1) the evidence was discovered after trial; (2) the failure to discover the evidence was not due to defendant's lack of effort; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the new trial would probably produce a new result. United States v. Runyan, 290 F.3d 223, 246–47 (5th Cir. 2002). "Motions on grounds of newly discovered evidence 'are not favored by the courts and are viewed with great caution.'" United States v. Vergara, 714 F.2d 21, 22 (5th Cir. 1983). "[W]hen a motion for new trial based on newly-discovered evidence raises a Brady claim," a court instead applies "the three-prong Brady test to determine whether a new trial is appropriate." Runyan, 290 F.3d at 247. To establish a Brady violation, a defendant must show that (1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material to either guilt or punishment. Id.

During Perez' trial, Andres J. Zuniga, an owner of Evergreen Cold Storage, authenticated the videotapes made at his facility the day Perez loaded. He also described his

---

[1] As a general proposition, review of the merits of a federal prisoner's claim is not circumscribed by the label attached. Andrews v. United States, 373 U.S. 334, 337 (1963). Because the essence of the pleading controls, titling and erroneous citation of authority may be ignored. See United States v. Hay, 702 F.2d 572 (5th Cir. 1983).

company's warehouse practices. D.E. 59 at 67-88. Zuniga was not present at the warehouse when Perez loaded. Id. at 79.

Perez claims that Zuniga was convicted of a drug trafficking crime. In support of his claim, he provided a copy of United States v. Zuniga, 958 F.2d 375 (Table), 1992 U.S. App. Lexis 10220 (7th Cir., Mar. 20, 1992). The text reveals that in 1989 an Andres Zuniga was convicted in the Eastern District of Wisconsin of conspiracy to possess with intent to distribute cocaine. An internet search reveals 60 persons in Texas alone with the name Andres Zuniga. The Seventh Circuit case does not provide sufficient information to determine whether the two men are the same person. Furthermore, a 19 year old opinion that is available on the internet cannot be considered newly discovered evidence.

Based upon the evidence provided, Perez has not shown that the evidence at issue was suppressed, material or newly discovered. Perez' motion for new trial (D.E. 75) is DENIED.

It is so ORDERED this 22nd day of May, 2013.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE